## BOWDEN v. FARGO.

(Monroe County Court.  December 9, 1892.)

CARRIER—INJURY TO GOODS—PROOF OF NEGLIGENCE.
  Where goods are shown to have been in good condition when delivered to a carrier for transportation, but are damaged when they reach their destination, a prima facie case is established that the injury was caused by the negligence of the carrier, and the precise nature of the negligence need not be shown.

Appeal from municipal court of Rochester.

Action by Henry J. Bowden against James C. Fargo, as president of the Merchants' Dispatch Transportation Company.    From a judgment for plaintiff, defendant appeals.    Affirmed.

A. H. Harris, for appellant.
E. L. Adams, for respondent.

KINNEY, J.    This is an action to recover damages for an injury to a piano shipped by respondent, at Bridgeport, Conn., to Rochester, N. Y., over appellant's line, and, when unboxed at Rochester, was found in a broken condition.    Judgment was rendered in the municipal court of the city of Rochester against appellant for the sum of $369.70 damages and costs, and the case comes before this court on appeal.    The contract between the parties was special, and in consideration of a reduced rate the carrier was released from its com-

mon-law liability. The evidence shows that the piano was shipped by appellant's line; that a receipt therefor was received; that the same was boxed in a strong box, securely fastened to the box with screws and cleats, in a workmanlike manner, properly, for shipment by freight to the place of destination; and that, when the piano was delivered to the carrier for shipment, it was in first-class order in every way. It also appeared that, from the time it was delivered to the truckman at the depot in Rochester until it was delivered at respondent's house, nothing happened to it, and it was handled carefully; that, upon opening the box, it was found that the piano was in a broken and damaged condition, which rendered it, practically, of no value. It is therefore quite apparent from the evidence that the damage and injury to the article happened while 'the same was in appellant's possession, in the course of conveying the same between Bridgeport and Rochester.

It is contended by appellant that it must be shown affirmatively by respondent that appellant was negligent, and that its negligence caused the damage, and that the inference of negligence cannot arise. The above is not the rule applicable to this case, under the facts herein stated. The burden of proof, in cases of this character, unquestionably rests upon the plaintiff, but he is not always required to point out the precise act or omission in which the negligence consists. When the accident is one which, in the ordinary course of events, would not have happened, but for the want of proper care on the part of the defendant, it is incumbent upon it to show that it had taken such precaution as prudence would dictate; and its failure to furnish the proof within its power may subject it to the inference that such precautions were omitted. J. Russell Manuf'g Co. v. New Haven S. S. Co., 50 N. Y. 127. There was a contractual relation existing between the parties, and proof of the injury, as established by the evidence, is at least prima facie evidence of negligence on the part of the appellant, and, unless explained by it, is sufficient to make it liable. It is not necessary that the precise nature of negligence be shown. Koenigsheim v. Packet Co., 17 Wkly. Dig. 405. No explanation as to how the injury happened was given by appellant. It is quite apparent from the memoranda of the judge of the municipal court before whom the action was tried that the evidence received under appellant's objections did not enter into, or influence, his judgment, and it will therefore be unnecessary to consider the same.

The judgment appealed from should therefore be affirmed.